UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEATHER HICKEY<br>　　Plaintiff<br><br>v.<br><br><br><br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br>　　Defendant | CIVIL ACTION<br><br>COMPLAINT<br><br><br><br><br><br><br><br>JUNE 9, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by the Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 *et seq.*, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

### II. PARTIES

2. The plaintiff, Heather Hickey, is a natural person residing in Wolcott, Connecticut.

3. The defendant, Portfolio Recovery Associates, LLC ("Portfolio"), is a limited liability company located in Virginia that is in the business of purchasing and collecting debts.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), Fed. R. Civ. P. 18(a), and 28 U.S.C. § 1367.

5. This Court has jurisdiction over Portfolio because it engages in debt collection activities within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

7. Portfolio began contacting Plaintiff in an attempt to collect a debt (the "Debt").

8. On or around May 11, 2010, a Portfolio representative named Patrina called and spoke with Plaintiff, and during that call, Plaintiff provided Patrina with the name, address, and phone number for Plaintiff's attorney, and she informed Patrina that she planned on filing for bankruptcy and the Debt was to be included in that bankruptcy filing; Patrina proceeded to ask Plaintiff for a bankruptcy case number, and she told Plaintiff that Portfolio would continue to call her until she provided them with a bankruptcy case number.

9. Portfolio called and left messages for Plaintiff on or around May 20, 25, 27, 28, and 30, 2010 and on or around June 1, 2, and 4, 2010.

### V. COUNT ONE
**Fair Debt Collection Practices Act**

10. Plaintiff incorporates Paragraphs 1-9.

11. Portfolio violated the FDCPA, including the following respects:

   a. Portfolio violated 15 U.S.C. § 1692e(10) by falsely representing that it could continue to contact Plaintiff until she provided them with a bankruptcy filing number;

   b. Portfolio violated 15 U.S.C. § 1692e(5) by threatening to continue to contact Plaintiff notwithstanding they already knew or should have known Plaintiff's attorney's contact information;

   c. Portfolio violated 15 U.S.C. § 1692c(a)(2) by continuing to telephone Plaintiff notwithstanding they already knew or should have known Plaintiff's attorney's contact information;

   d. Portfolio violated 15 U.S.C. § 1692d(4) by continuously calling Plaintiff with the intent to annoy, abuse, and harass Plaintiff; and

   e. Portfolio violated 15 U.S.C. § 1692f by its unfair practices described above.

12. For Portfolio's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages, statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT TWO
### Creditor Collection Practices Act

13. Plaintiff incorporates Paragraphs 1-9.

14. Portfolio violated the CCPA and the regulations promulgated there under by the Connecticut Department of Banking, as follows:

a. Portfolio violated Conn. Agencies Reg. § 36a-647-6(11) by falsely representing that it could continue to contact Plaintiff until she provided them with a bankruptcy filing number;

b. Portfolio violated Conn. Agencies Reg. § 36a-647-6(6) by threatening to continue to contact Plaintiff notwithstanding they already knew or should have known Plaintiff's attorney's name, address, and phone number;

c. Portfolio violated Conn. Agencies Reg. § 36a-647-4(a)(2) by continuing to telephone Plaintiff notwithstanding they already knew or should have known Plaintiff's attorney's name, address, and phone number; and

d. Portfolio violated Conn. Agencies Reg. § 36a-647-5(5) by continuously calling Plaintiff with the intent to annoy, abuse, and harass Plaintiff.

15. For Portfolio's violations of the Creditor Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages, statutory damages of $1,000, and reasonable attorney's fees, pursuant to Public Act No. 07-176.

### VII. COUNT THREE
### Connecticut Unfair Trade Practices Act

16. Plaintiff incorporates Paragraphs 1-9.

17. Portfolio violated the Connecticut Unfair Trade Practices Act ("CUTPA") Conn. Gen. Stat. § 42-110a *et seq.* by its collection activities described above.

18. Portfolio's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

19. Plaintiff suffered an ascertainable loss as a result of Portfolio's aforementioned actions.

20. Portfolio violated CUTPA and is liable to Plaintiff for her monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k and Public Act No. 07-176; actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, HEATHER HICKEY**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457